1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      CHRISTOPHER CHARLES CLARK,                    No.  2:23-cv-1524 CKD P

12                           Petitioner,

13            v.                                       ORDER

14      KATHLEEN ALLISON,

15                           Respondent.

16

17          Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas

18   corpus under 28 U.S.C. § 2254.  Both parties have consented to have all matters in this action

19   before a United States Magistrate Judge.  See 28 U.S.C. § 636(c).

20          This action proceeds on the amended petition filed October 13, 2023.  Petitioner

21   challenges a San Joaquin County conviction for second degree robbery and resulting 15-year

22   prison sentence, both entered on April 30, 2018.  ECF No. 1 at 15.

23          Respondent asserts in a motion to dismiss that the amended petition is time-barred. Title

24   28 U.S.C. § 2244 provides as follows:

25              (d)(1) A 1-year period of limitation shall apply to an application for
                a writ of habeas corpus by a person in custody pursuant to the
26              judgment of a State court.  The limitation period shall run from the
                latest of –
27

28   /////

                                                    1

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Rule 8.308 of the California Rules of Court, petitioner had 60 days to appeal his conviction and sentence.  He did not do so.  Therefore, the limitation period applicable to this action began running under 28 U.S.C. § 2244(d)(1)(A) on June 30, 2018.

The statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  But as petitioner did not file any such application, the limitations period ran out on June 29, 2019, well before this action was filed. Further, there does not appear any other valid basis for a tolling of the limitations period.

For these reasons, petitioner's amended petition for a writ of habeas corpus is time-barred. Respondent's motion to dismiss will be granted, this case closed, and the court need not reach the other arguments raised by respondent in the motion to dismiss.

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Respondent's motion to dismiss (ECF No. 16) is granted;

2.  Petitioner's amended petition for a writ of habeas corpus is dismissed as time-barred;

3.  This case is closed; and

4.  The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated:  April 30, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
clar1524.sol

2